UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL LOUIS RAMSEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:20-CV-486-DCLC-HBG |
| ) | |
| KNOX COUNTY SHERIFF'S OFFICE ) | |
| JAIL AND FACILITIES and ) | |
| TENNESSEE DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED** and this action be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

### I. FILING FEE

First, as it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Because Plaintiff is an inmate in the Knox County Detention Facility, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 160, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly

income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs [PLRA screening] dismissals for failure state a claim [] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive this initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, allegations that do not raise a plaintiff's right to relief "above a speculative level" fail to state a claim upon which relief may be granted. *Twombly,* 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less strict standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

2

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### III. COMPLAINT ALLEGATIONS

The medical department at the Knox County Detention Facility ("KCDF") does not provide Plaintiff with glasses, as the TDOC did [Doc. 1 p. 2]. Also, Plaintiff had to get a tooth pulled that could have been saved and cannot "get a partial" [*Id.*].

Further, in the KCDF, commissary has a high markup and inmates have to pay taxes for those purchases, but the TDOC does not have a high markup or charge taxes for commissary [*Id.*].

Also, unlike in his confinement in the TDOC, at the KCDF Plaintiff cannot get a job to help pay his restitution, buy hygiene items, or save money to pay for purchases after his release, nor can he take programs or "schools for trades," which he feels violates the Rehabilitation Act [*Id.* at 2, 4]. Additionally, Plaintiff does not have access to a counselor or case or unit manager to help him with a home plan [*Id.* at 4].

Further, Plaintiff has hepatitis C, but cannot get the same treatment for this condition in the KCDF that he could get in the TDOC, including specifically Harvoni [*Id.*].

Lastly, KCDF Officer J. Hall stated that he thought Plaintiff had "keester[e]d" a watch into the jail, which Plaintiff thought was sexual harassment or misconduct [*Id.*].

Plaintiff has sued the Knox County Sheriff's Office Jail and Facilities and the Tennessee Department of Correction [*Id.* at 1, 2]. As relief, Plaintiff seeks (1) five million dollars; (2) to have the KCDF offer sentencing credits, resources, programs, and indigent packages to TDOC inmates housed therein; (3) to have the KCDF provide medical, dental, mental health services to TDOC prisoners in the same manner that the TDOC does; (4) for the KCDF to charge the same commissary, medical, and phone prices as the TDOC does (without taxes); (5) to file a one-

3

hundred-thousand dollar lawsuit against Officer J. Hall for sexual misconduct; and/or (6) for TDOC prisoners to be sent to the TDOC within two weeks of sentencing [*Id.* at 3, 5].

## IV. ANALYSIS

### A. TDOC

First, the TDOC is not a person subject to suit under § 1983, but instead an "arm" of the State of Tennessee. *Pleasant-Bey v. Tennessee Dep't of Corr.*, No. 2:15-CV-174, 2020 WL 5791789, at *6 (E.D. Tenn. Sept. 28, 2020); *see also Will v. Mich. Dep't of State* Police, 491 U.S. 58, 71 (1989) (holding that a suit against a state official in his official capacity is a suit against his employer); *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that the TDOC is not a "person" within the meaning of § 1983). Accordingly, this Defendant will be **DISMISSED**.

### B. Knox County Sheriff's Office Jail and Facilities

As noted above, Plaintiff has also named Knox County Sheriff's Office Jail and Facilities as a Defendant. However, this Defendant also is not a "person" subject to suit under § 1983. *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"). Moreover, even if the Court could liberally construe Plaintiff's claims as against Knox County, they fail to state a claim upon which relief may be granted under § 1983 for the reasons set forth below.

#### 1. Medical and Dental Claims

Plaintiff alleges that the KCDF does not provide him glasses as the TDOC did, that his tooth that could have been saved was instead pulled at the KCDF, and that he cannot "get a partial" in the KCDF [Doc. 1 p. 2]. Plaintiff also alleges that he cannot get the same treatment for his hepatitis C in the KCDF that he could get in the TDOC, including Harvoni [*Id.* at 4].

4

However, Plaintiff has set forth no facts from which the Court can plausibly infer that a custom or policy of Knox County was the motivating force behind the decision to deny him glasses, to pull his tooth, or to deny him "a partial," as required for this municipality to be liable for these incidents. *See, e.g., Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

Further, while Plaintiff alleges that KCDF does not provide treatment for hepatitis C in the same manner that TDOC does, specifically Harvoni, Plaintiff does not set forth any facts from which the Court can plausibly infer that the treatment he has received for his hepatitis C in the KCDF has violated his constitutional rights, or that any such constitutional violation is due to a custom or policy of Knox County. *Id; Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (noting that "[a] patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983") (citation omitted).

Thus, these allegations fail to state a claim upon which relief may be granted under § 1983.

### 2. Commissary Pricing

As set forth above, Plaintiff also alleges that commissary at the KCDF has a high markup and inmates are charged taxes for commissary purchases, but that the TDOC commissary did not have a high markup or tax charges, and he therefore seeks to have the KCDF charge the same as the TDOC for commissary, medical visits, and telephone access [*Id.* at 4,5]. However, Plaintiff has no constitutional right to purchase commissary items or to prevent overcharging for such items. *Adams v. Hardin County Det. Center*, 2016 WL 2858911, at *3–4 (W.D. Ky., May 16, 2016)

5

(collecting cases standing for both assertions); *Hillard v. Knox County Jail*, No. 3:18-CV-168-TAV-DCP, 2019 WL 2494569, at *4 (E.D. Tenn. June 14, 2019) (noting that "[m]ost courts find that commissary pricing does not implicate constitutional concerns" and therefore finding that claims related thereto failed to state a claim upon which relief may be granted under § 1983).

Also, Plaintiff has set forth no facts from which the Court can plausibly infer that the KCDF's fees for phone use or medical visits are unconstitutional. *See*, *e.g.*, *Hillard*, 2019 WL at *4 (finding plaintiff had set forth no facts from which the Court could find that the challenged telephone fees had infringed on his constitutional rights); *Dotson v. Calhoun Cty. Sheriff's Dept.*, 2008 WL160622, at *3 (W.D. Mich. Jan 15, 2008) (collecting cases regarding the constitutionality of jail telephone use fees); *White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004) (holding that "it is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay").

Thus, these allegations fail to state a cognizable § 1983 claim.

### 3. Job and Educational/Rehabilitative Programs

Plaintiff also seeks to challenge the fact that he cannot get a job or have access to educational and/or rehabilitative services[1] at the KCDF, including counselors to assist him with making a home plan, and seeks sentencing credit as relief [*Id.* at 2–5]. However, Plaintiff does not have a "constitutional right to prison employment or a particular prison job," a property right to wages for his work, or a statutory right to sentence reduction credits. *Carter v. Tucker*, 69 F. App'x

---

[1] Plaintiff specifically claims that his lack of access to rehabilitative programs in the KCDF violates the Rehabilitation Act [*Id.* at 2]. However, to establish a claim under section 504 of the Rehabilitation Act, Plaintiff must show that (1) he is a qualified individual with a disability; (2) he was denied the benefits of a program or activity which receives federal funding, and (3) he was discriminated against on the basis of his disability. 42 U.S.C. § 2000d. Plaintiff does not make any such allegations. Thus, to the extent he intended to state such a claim, he has not.

678, 680 (6th Cir. 2003). Likewise, Plaintiff has no constitutional right to a rehabilitative program. *Carter v. Morgan*, No. 97-5590, 142 F.3d 432, at *2 (6th Cir. Feb. 10, 1998). Thus, these allegations likewise fail to state a claim upon which relief may be granted under §1983.

### C. Officer J. Hall

As noted above, while Plaintiff did not name Officer J. Hall as a Defendant, Plaintiff alleges that this officer made a comment to him that amounted to sexual misconduct and seeks relief based thereon [*Id.* at 3–5]. Specifically, Plaintiff alleges this officer stated that he thought Plaintiff had "keester[e]d" a watch into the jail [*Id.* at 4]. However, this allegation fails to state a claim for violation of Plaintiff's constitutional rights. *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (providing that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits).

## V. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**SO ORDERED:**

<br>

s/Clifton L. Corker
United States District Judge

8

Case 3:20-cv-00486-DCLC-HBG   Document 5   Filed 11/16/20   Page 8 of 8   PageID #: 32